UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In the Matter of Osseo Area Schools, Independent School District No. 279,<br><br>            Plaintiff,<br><br>M.N.B., by and through her Parent, J.B.,<br><br>            Defendants. | Case No. 0:17-cv-02068-DSD-HB<br><br>**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT** |

_____

For their Answer, Defendants M.N.B., by and through her Parent, J.B. ("M.N.B.") state as follows:

## INTRODUCTION

This case is Osseo Area Schools, Independent School District No. 279's ("the District" or "Plaintiff") appeal from an administrative judge's ("ALJ") decision that the District is responsible to transport a student with disabilities, who is open enrolled into the District, between her home and school.  The ALJ sided with the student, M.N.B., finding that her Individualized Education Program ("IEP") called for transportation between home and school and required the District to be responsible for that transportation to meet its obligations under federal special education law.  The District now appeals the ALJ's decision, arguing that the District is not required to transport M.N.B. because it is <u>never</u> required to transport students, including students with disabilities with special transportation needs, outside its boundaries.

1

The District indicated that it "has never contended and does not now contend that M.N.B. does not have a need for specialized transportation" (ECF No. 21, p. 14) and asserts that its only legal position is that it "is not required to transport M.N.B. from her home to the District's boundary based on Eighth Circuit precedent." (*Id.*)  The District has also acknowledged that, (1) it was ordered by the Minnesota Department of Education to change its transportation practice to allow inter-district transportation (ECF No. 24, Second Am. Compl. ¶ 34); (2) the Minnesota Court of Appeals rejected the District's appeal for failure to serve necessary parties[1] (*id.* at ¶ 36); and (3) the ALJ rejected the District's arguments and ordered it to provide transportation and transportation reimbursement (*id.* at ¶¶ 68-69).

The District's position—that it is not required to meet M.N.B.'s transportation needs identified in her IEP simply because she does not reside in the District – is counter to federal special education law.  It is also counter to the Minnesota Department of Education complaint decision that specifically ordered the District to revise its policy on out-of-district transportation and provide out-of-district transportation for students with special transportation needs.

## ANSWER

1.  Deny each and every allegation, matter and thing contained in Plaintiff's Second Amended Complaint, except that which is hereinafter admitted, qualified or otherwise explained.

---

[1] The District also did not appeal the Minnesota Court of Appeals order to the Minnesota Supreme Court as it could have.

2. Admit the allegations contained in Paragraphs 1 and 2.

3. Admit the allegations, based on information and belief, contained in Paragraph 3 and specifically answer that, according to its website (http://district279.org/teach-learn/special-education?tmpl=component&print=1&page=), the District has its own segregated site (or Level IV) special education program named ACHIEVE, which "serves students who have significant emotional and behavioral challenges and require special education services in a separate site."

4. Admit the allegations contained in Paragraph 4 based on information and belief.

5. Admit the allegations contained in Paragraphs 5 and 6.

6. Deny the allegations in Paragraph 7 as calling for a legal conclusion, involving mixed questions of law and fact, and are thus improper, and specifically answer that the District receives, or can receive, reimbursement from the Minnesota Department of Education for providing inter-district transportation to students with disabilities who live outside of the District.

7. Deny the allegations in Paragraph 8 as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper, and specifically answer that M.N.B.'s parent exercised a legal right to use Minnesota's open enrollment statute to enroll M.N.B. in the District and that the parent had no choice of M.N.B.'s school, despite the existence of viable school placement alternatives. Defendants further specifically answer that the only school placement option the District provided to

M.N.B.'s parent was placement at North Education Center, which is located in the Robbinsdale School District and not within the District's geographical boundaries.

8. Deny the allegations in Paragraph 9 that M.N.B. is ten years old and in 5th grade, admit the remaining allegations and specifically answer that the District unilaterally placed M.N.B. at North Education Center, which is located outside of the District's boundaries, and that M.N.B. is currently 11 years old and is in 6th grade.

9. Admit the allegations based on information and belief in Paragraph 10 and specifically answer that most of Intermediate School District 287 school sites are located outside of the Osseo Area Schools' boundaries.

10. Admit the allegations based on information and belief in Paragraph 11 and specifically answer that, according to its website (http://district279.org/teach-learn/special-education?tmpl=component&print=1&page=), in addition to contracting with Intermediate School District 287 to offer a continuum of services, the District has a federal setting IV special education program named ACHIEVE located within its boundaries and "serves students who have significant emotional and behavioral challenges and require special education services in a separate site."

11. Admit the allegations of Paragraph 12 and 13.

12. Deny the allegation in Paragraph 14 that M.N.B.'s "last" IEP was developed in October 2016, admit the remaining allegations, and affirmatively answer that the "stay put" IEP was developed in 2015.

13. Admit the allegations in Paragraph 15 and specifically answer that M.N.B.'s parent understood that the transportation contract between her and Big Lake

Public Schools was an acceptable way for Big Lake Schools to meet its legal obligations to provide specialized transportation between M.N.B.'s home and school.

14. Admit the allegations in Paragraph 16.

15. Deny the allegations in Paragraph 17 and specifically answer that the District, and any other district, may in certain situations reject open enrollment applications. Defendants specifically deny that the District does not provide transportation to any open enrolled student "beyond its borders" because pursuant to a Minnesota Department of Education systemic complaint decision, the District must provide transportation beyond its borders, and based on information and belief, currently provides this transportation to multiple students who live outside of the District's boundaries.

16. Deny the allegations in Paragraph 18 as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper, and specifically answer that the District in fact provides transportation to a number of open enrolled students who live outside of the District's boundaries because of the binding Minnesota Department of Education systemic complaint decision.

17. Admit the allegations in Paragraph 19 that the open enrollment statute contains a provision regarding parental requests for transportation and that the District offered to transport the Student within its borders, and deny the remaining allegations that the parent requested transportation under the open enrollment statute. Defendants specifically answer that any parent request for transportation was because of the District's improper refusal to provide transportation between home and school as called for in

5

M.N.B.'s IEP. Defendants further specifically answer that the District's transportation offer to M.N.B. included *out-of-district* transportation to and from her assigned school, North Education Center, which is not located in the District, and that the District's offer of inter-district transportation is irreconcilable with its position to this Court that it only offers transportation *within* its boundaries.

18. Deny the allegations in Paragraph 20 as being factually inaccurate and as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper.

19. Deny the allegations in Paragraphs 21-26 as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

20. Deny the allegations in Paragraph 27 as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and specifically answer the District acknowledges that it can and does receive transportation reimbursement from the state for transporting open enrolled students *across* District boundaries.

21. Deny the allegations in Paragraphs 28-31 as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

22. Admit the allegations in Paragraph 32 and answer specifically that the Minnesota Disability Law Center gave the special education administrative complaint to the Minnesota Department of Education in its capacity in representing students and that the actual complaint was signed by a parent of a student who was represented by Minnesota Disability Law Center. Defendants answer that M.N.B. was not included in

the Minnesota Department of Education systemic administrative complaint only because she enrolled in Osseo Public Schools at the beginning of the 2016-2017 school year.

23. Admit the allegations contained in Paragraph 33.

24. Admit the allegations contained in Paragraph 34 and answer specifically that the Minnesota Department of Education ordered additional corrective action beyond what was identified in Paragraph 34 and the Department's decision speaks for itself.

25. Deny the allegation in Paragraph 35 that the District "complied" with the Minnesota Department of Education's directives and deny the remaining allegations as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Admit in part the allegations contained in Paragraph 36 that the District sought an appeal and that the appeal was dismissed for lack of jurisdiction by the Minnesota Court of Appeals and deny in part the remaining allegations contained in Paragraph 36 as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper.

27. Deny the allegations in Paragraph 37 as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the allegation that M.N.B.'s parent acknowledged that she was adequately informed of the District's transportation decision.  The Defendants further deny that the District's transportation decision complied with applicable legal standards and that the parent's acknowledgment of the District's decision constituted agreement with that decision.

28. Admit the allegations in Paragraph 38.

7

29. Admit the allegations in Paragraph 39 and affirmatively answer that District staff, not the Defendants or their proxies, included the words "no bus needed" on the enrollment checklist.

30. Admit the allegations in Paragraph 40 that the District contacted M.N.B.'s parent and deny that the District adequately informed the parent of the District's transportation decision. The Defendants further deny that the District's transportation decision complied with applicable legal standards.

31. Admit the allegations in Paragraph 41 that M.N.B.'s parent indicated that she understood the District's transportation decision and deny any allegation that the parent's understanding indicated agreement with the District's decision.

32. Admit the allegations in Paragraph 42 and specifically answer that any parent request for reimbursement was because of the District's improper refusal to provide transportation between home and school as called for in M.N.B.'s IEP.

33. Admit the allegations in Paragraph 43.

34. Admit the allegations in Paragraph 44 that a Minnesota Department of Education staff member corrected a mistaken email with a subsequent email and deny the allegation that M.N.B. does not have "door to door" transportation written into her IEP as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper.

35. Admit the allegation in Paragraph 45 that M.N.B.'s parent chose to enroll M.N.B. in the District and deny that the parent "eschewed" any services and that the parent was able to exercise any "parental preference" in the choice of M.N.B.'s school as

the District unilaterally assigned M.N.B. to North Education Center, which is located outside of the District's boundaries.

36.  Admit the allegation in Paragraph 46 that there was a meeting on September 26, 2016 and specifically answer that the District has another federal setting IV or separate school named ACHIEVE, which is located within the District's boundaries and "serves students who have significant emotional and behavioral challenges and require special education services in a separate site."  Defendants deny the allegation that the September 26, 2016 meeting was an "IEP team" meeting as only one District staff person was in attendance and specifically deny that the team agreed to fully implement the last agreed upon IEP (or "stay put" IEP) - the District refused to provide inter-district transportation.

37.  Admit the allegation in Paragraph 47.

38.  Deny the allegations in Paragraph 48 as calling for a legal conclusion, involving mixed questions of law and fact and are thus improper.

39.  Admit the allegation in Paragraph 49.

40.  Deny the allegations in Paragraph 50 as calling for a legal conclusion and involving mixed questions of law and fact and are thus improper.

41.  Admit the allegations in Paragraph 51 that there was a meeting and that the District gave an explanation about transportation and specifically deny that M.N.B.'s parent's understanding of the District's transportation practice constituted her agreement with the practice.

42. Admit the allegation in Paragraph 52 that the District staff explained its transportation offer but deny the rest of the allegations.

43. Admit the allegations in Paragraph 53.

44. Admit the allegations in Paragraph 54 and specifically answer that M.N.B.'s parent advised that she would transport her daughter because the District proposed to transport her only within District boundaries and to North Education Center.

45. Admit the allegations in Paragraphs 55-58.

46. Deny the allegations in Paragraph 59 as calling for a legal conclusion and involving mixed questions of law and fact and are thus improper.

47. Admit the allegations in Paragraph 60 and specifically admit that M.N.B.'s parent rejected the "offer of transportation" because the District proposed to transport her only within District boundaries and to North Education Center and because the District's offer of transportation was contrary to legal standards.

48. Admit the allegations in Paragraphs 61-67.

49. Admit the allegations in Paragraph 68 and specifically answer that the ALJ's decision invokes the so-called "stay put" provision of the IDEA, which requires districts to implement the last-agreed upon IEP. In M.N.B.'s situation, the ALJ determined that M.N.B.'s stay put IEP required specialized transportation and ordered the District to implement that stay put IEP.

50. Admit the allegations in Paragraphs 69 and specifically answer that the District filed a "motion for reconsideration" with the ALJ to challenge the ALJ's May 2, 2017 decision. The ALJ rejected this motion due to lack of jurisdiction, citing IDEA and

Minnesota state law that expressly limited ALJ authority to hear motions for reconsideration.

51. Admit the allegation in Paragraph 70 that this action involves a dispute under IDEA and Minnesota Chapter 125A and deny that M.N.B.'s parent was asserting that the District must transport to a school of her choice; M.N.B. was placed at her school by the District and as a result the parent did not have an independent "choice" of the school or the school location.

52. Admit the allegation in Paragraph 71 that the Eighth Circuit Court of Appeals issued a decision in *Fick ex. Rel. Fick v. Sioux Falls Sch. Dist. 49-5*, 337 F.3d 968 (8th Cir. 2003) and deny the allegations that *Fick* applied to transportation "beyond the boundaries established by the district" and that *Fick* is relevant to the present dispute.

53. Deny the allegation in Paragraph 72 as calling for a legal conclusion and as vague to which of the ALJ's decisions Paragraph 72 refers.

54. Admit the allegation in Paragraph 73 that the District requested that the ALJ recuse herself and deny the remaining allegations because Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

55. Deny the allegations in Paragraphs 74-81 as calling for a legal conclusion, involving mixed questions of law and fact, and are thus improper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

56. The Second Amended Complaint is barred on the basis of collateral estoppel and res judicata.

## **DEMAND FOR RELIEF SOUGHT**

WHEREFORE, Defendants deny liability to Plaintiff and request that this Court dismiss Plaintiff's Second Amended Complaint. The Defendants request that this Court give proper deference to, and uphold, the ALJ's decision.

Specifically, Defendants request this Court to:

A. Review the administrative record and uphold the ALJ's decision.

B. Enter judgment in favor of Defendants;

C. Order the District to pay the Defendants' attorney fees incurred in responding to Plaintiff's appeal and by reason of Defendants being the prevailing parties in the underlying administrative decision; and

D. Order any other relief deemed appropriate.

Respectfully submitted,

Date: October 12, 2017

/s/Daniel J. Stewart
Daniel J. Stewart (#0278919)
Maren Hulden (#0396043)
Mid-Minnesota Legal Aid
Minnesota Disability Law Center
430 1st Ave N, Suite 300
Minneapolis, MN 55401
Tel: 612.746.3769
Email: djstewart@mylegalaid.org
mhulden@mylegalaid.org

ATTORNEYS FOR DEFENDANTS