# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In the Matter of Osseo Area Schools, Independent School District No. 279,<br><br>      Plaintiff,<br><br><br><br>M.N.B., by and through her Parent, J.B.,<br>      Defendant. | Case No. 0:17-cv-2068-DSD-HB<br><br><br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND PRETRIAL SCHEDULING ORDER** |

_____

## I.     BACKGROUND

Defendant student M.N.B. ("Defendant" or "M.N.B.") seeks limited discovery in this appeal from a due process hearing before an administrative law judge ("ALJ") regarding her rights under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, *et seq*.  The ALJ concluded that Plaintiff Independent School District No. 279 ("Plaintiff" or "the District") is required to provide specialized transportation for M.N.B. between her home and school, even though she lives outside the District's boundaries.

The ALJ's decision was based on motions for summary disposition from both sides, so the administrative record includes only exhibits and affidavits, not a full hearing record.  Defendant M.N.B. believes a limited amount of discovery is appropriate in this case to address factual matters not addressed by the record related to the Plaintiff's transportation policies and refusal to provide transportation for M.N.B.

Pursuant to the Magistrate Judge's Rule 26(f) scheduling conference requirements, M.N.B. notified the District of her request for limited discovery.  The District opposed this discovery request.  At the Scheduling Conference, M.N.B. cited statutory and caselaw to support her position.  For example, M.N.B. argued that IDEA**,** at 34 CFR § 300.516 (c)(2), contemplates the availability of discovery on appeals of an administrative record and that a variety of caselaw supported this proposition.  *See*, *e.g*., *Johnson ex rel. Johnson v. Olathe Dist. Schools*, 212 F.R.D. 583 (D. Kan. 2003).  M.N.B. also indicated there was a clear difference between a party's ability to seek discovery and the district court's discretion to allow additional information from discovery into the appellate record.  The Magistrate Judge allowed M.N.B. to request limited discovery—five (5) interrogatories, ten (10) Requests for Production of Documents, and twenty-five (25) Requests for Admissions—with the understanding that the District would review the requests promptly and propose any stipulations that might render the discovery requests unnecessary.  The Magistrate Judge left the issue of supplementing the administrative record to a future proceeding.

The Magistrate Judge's Pretrial Scheduling Order noted that she expected prompt discovery discussions between the parties and stated that:

> The school district's written responses and production of documents, if any, will be due by the date provided by the Federal Rules of Civil Procedure.  However, the school district will analyze the requests promptly upon receipt to determine what it is willing to produce, what stipulations it may be willing to propose, and what objections it intends to make.  The parties will meet and confer diligently and in good faith **before** responses to the discovery would otherwise be due and attempt to narrow or resolve any disputes.  Any disputes that cannot be resolved will be submitted to the Court through one of the available procedures for non-dispositive motions no later than December 18, 2017.

Pretrial Scheduling Order at 3, ECF No. 32 (emphasis added).

## II.   DISTRICT'S FAILURE TO TIMELY RESPOND

M.N.B. served the District's attorneys with her Requests for Admissions, Requests for Production of Documents, and Interrogatories by U.S. Mail and email on November 1, 2017.  (Decl. of Daniel J. Stewart, Ex. 1.)  According to the Federal Rules of Civil Procedure, the deadline for the District to respond to these requests was December 4, 2017.  The District did not provide responses to M.N.B.'s Requests for Production of Documents or Interrogatories until the afternoon of December 18, 2017, which is the non-dispositive motion deadline set by the Pretrial Scheduling Order.  Rather than promptly analyzing the requests as directed in the Pretrial Scheduling Order, the District failed to timely respond to the discovery requests.

After M.N.B. did not receive responses to her full discovery requests by the due date of December 4, 2017, M.N.B. alerted the District to its non-compliance in a letter on December 7, 2017 and offered to meet and confer.  (Stewart Decl., Ex. 2.)  The District asked questions about the scope of discovery – the only indication it was making efforts to respond – M.N.B. promptly answered the questions.  (*Id.*, Exs. 3-6.)  The District's responses and lack of responses were not substantially justified, nor was its explanation for any delay clearly explained.

The District provided its responses to M.N.B.'s Requests for Production of Documents or Interrogatories after 2:00 p.m. on December 18, 2017, the non-dispositive motion deadline.  The untimeliness of the District's responses has prejudiced M.N.B.'s

ability to review the responses for completeness and to determine if a non-dispositive

motion is necessary.  Because of the late date of the District's responses, M.N.B. is

requesting the Court amend the Pretrial Scheduling Order to allow M.N.B. to file any

non-dispositive motions regarding the District's untimely responses to the Requests for

Production of Documents and Interrogatories.  Further, the District has informed M.N.B.

that its response on December 18, 2017 is not complete and that it plans to provide

additional documents.  Because M.N.B. anticipates receiving further discovery responses

from the District (all well past the District's deadline for responding), M.N.B. is

requesting that the Court amend the Pretrial Scheduling Order to permit M.N.B. to file

any non-dispositive motions related to the District's responses to Requests for Production

of Documents and Interrogatories by January 5, 2018.  This will permit M.N.B. adequate

time to review the responses already provided and those the District has promised to

provide (but has not yet) and determine if the documents are complete and responsive to

the requests.

                                                    **MID-MINNESOTA LEGAL AID**
                                                    **MINNESOTA DISABILITY LAW**
                                                    **CENTER**

Date: December 18, 2017                             /s/Daniel Stewart_____
                                                    Daniel Stewart (#0278919)
                                                    Maren Hulden (#0396043)
                                                    Mid-Minnesota Legal Aid
                                                    Minnesota Disability Law Center
                                                    430 1st Ave N, Suite 300
                                                    Minneapolis, MN 55401
                                                    Tel: 612.746.3769
                                                    Email: djstewart@mylegalaid.org
                                                           mhulden@mylegalaid.org

ATTORNEYS FOR DEFENDANTS