UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Osseo Area Schools, Independent School District No. 279,<br><br>Plaintiff,<br><br>v.<br><br>M.N.B., by and through her parent, J.B.,<br><br>Defendant. | Case No. 17-cv-2068 (DSD/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant M.N.B.'s Motion to Supplement the Record [Doc. No. 44]. The motion is granted in part and denied in part, as set forth below.

**I.   Background**

Plaintiff Osseo Area Schools, Independent School District No. 279 ("ISD 279" or "District"), commenced this action pursuant to the Individuals with Disabilities Education Act ("IDEA") against M.N.B., a student who does not reside in, but is open-enrolled in, the District. ISD 279 is appealing a decision by a state administrative law judge ("ALJ") that requires the District to provide special transportation between M.N.B.'s home and school because her Individual Education Program ("IEP") plan requires it. At the time of the ALJ's decision, ISD 279's policy was to provide special transportation for students open-enrolled by parent choice only from the District's boundaries to school. ISD 279 took the position that parents who chose to open-enroll their children had the duty to transport the students to and from the District's border, and the District would provide transportation

between its borders and the school.

After ISD 279 commenced this action, M.N.B. sought limited discovery on the District's transportation policy and the Minnesota Department of Education's ("MDE") directives about the policy. M.N.B. now asks for permission to supplement the record with the following evidence: (1) the District's responses to M.N.B.'s Requests for Admission ("RFA") Nos. 5, 11, 12, and 13; (2) the District's response to M.N.B.'s Interrogatory No. 4; (3) the District's responses to M.N.B.'s Requests for Production ("RFP") Nos. 2, 4, 5, and 6; and (4) a stipulation between the District and M.N.B. regarding the District's consideration of the costs associated with transporting M.N.B. out of district.[1]

## II.    Discussion

Under the IDEA, a court reviewing an ALJ's decision made in a state administrative proceeding "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Although the IDEA permits a federal court to expand the administrative record, a"[d]ecision on the record compiled before the administrative agency is the norm." *Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.*, 88 F.3d 556, 560 (8th Cir. 1996) (quoting *Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994)). A party who wants "to introduce additional evidence at the district court level must provide some solid justification for doing so." *Id.* (quoting *Roland M. v. Concord Sch. Comm.*,

---

[1] M.N.B. narrowed her motion to this specific evidence in her reply memorandum. Initially, she had sought to introduce responses to all RFAs and all interrogatories. In addition, M.N.B. did not include RFP No. 6 in her original motion but added it in her reply memorandum.

910 F.2d 983, 996 (1st Cir. 1990)). Reasons to allow supplementation "might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Moubry v. Indep. Sch. Dist. No. 696*, 951 F. Supp. 867, 900 (D. Minn. 1996).

Some of the evidence M.N.B. has asked to add to the record is already a part of the record, such as the fact that her school is not located within the District's boundaries; a letter dated October 12, 2016, from the MDE to the District; a redacted list of student names filed in MDE Complaint File No. 16-138C; and a form letter the District sent to parents regarding transportation. M.N.B.'s motion to supplement the record is denied to this extent.

M.N.B. also seeks to supplement the record with other material that is not really "evidence," such as the District's decision not to appeal a Minnesota Court of Appeals' decision and a stipulation between the parties included in a joint letter filed with the Court [Doc. No. 42]. M.N.B. does not need to supplement the administrative record to refer to these procedural matters, and her motion is denied to this extent.

The remaining evidence relates to events that occurred after the administrative proceedings or spanned the school year during which the administrative proceedings occurred: the District's provision of transportation outside its boundaries for some open-enrolled, non-resident students during the 2016-2017 and 2017-2018 school years; options available to M.N.B. for transportation between her home and school at the District's expense; documents showing the District's compliance with MDE Complaint Decision

No. 16-138C; documents reflecting the District's policies and procedures for the open-enrollment of non-resident students for the 2016-2017 and 2017-2018 school years; non-resident and non-member transfer application forms for the open-enrollment of non-resident students for the 2016-2017 and 2017-2018 school years; and non-resident open-enrollment student transportation request forms for the 2016-2017 and 2017-2018 school years.

M.N.B. argues this evidence is relevant to the District's rationale and legal justification for denying her transportation between her home and school. M.N.B. contends the evidence demonstrates that ISD 279 abandoned the offending transportation policy after the MDE demanded that it do so, and that the District now provides out-of-district transportation to some open-enrolled students. M.N.B. also argues that she would have submitted this evidence at the administrative level if the matter had progressed past summary disposition.

The District responds that the evidence is irrelevant to the narrow issue presented in this case, specifically, whether M.N.B., who has chosen to open-enroll in the District, is entitled to publicly-funded transportation from her home to the District's border. The District also argues that the administrative record is extensive and that M.N.B. necessarily agreed by agreeing to the summary administrative procedure that there were no genuine issues of material fact.

The Court finds that M.N.B. has provided a solid justification to present the remaining additional evidence—with one exception—to the District Court in connection with anticipated summary judgment motion practice so that the District Court can determine the relevance of and weight to give the evidence in the context of the fully

4

briefed motions for summary judgment. The Court has doubts about the relevance of the evidence, but the relevance is best assessed in the context of the arguments the parties actually make, not in a vacuum or with reference to arguments one party suspects the other might make. Thus, in granting this aspect of the motion, the Court is only allowing M.N.B. to submit the additional evidence to the District Court. Nothing in this Order should be read to preclude the District from arguing that the additional evidence is not relevant or that it should not be considered because M.N.B. did not submit it in the administrative proceeding.

The one exception to the above order is the District's response to Interrogatory No. 4, which asked the District to describe options available to M.N.B. for transportation between her home and school at the District's expense. The ALJ explicitly excluded this issue from consideration in the written decision. (Compl. Ex. 1 at 15 ("The issue raised by the parties concerned only the question of inter-district transportation and not whether the Student's transportation requirements could be met by other means.") [Doc. No. 1-1].) M.N.B. may not supplement the record with the District's response to Interrogatory No. 4.

Accordingly, **IT IS HEREBY ORDERED** that Defendant M.N.B.'s Motion to Supplement the Record [Doc. No. 44] is **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein.

Dated: March 21, 2018           s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge