# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

In the Matter of Osseo Area Schools, Independent School District No. 279,

    Plaintiffs,

M.N.B., by and through her Parent, J.B.,

    Defendants.

Case No. 0:17-cv-2068-DSD-HB

**DEFENDANT'S RESPONSE TO DISTRICT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

___

## INTRODUCTION

    The administrative law judge was correct to determine, based on a straightforward reading of federal and state special education law, that Independent School District No. 279 ("the District") failed to meet its obligation to provide Defendant Student M.N.B. ("M.N.B.") with a free appropriate public education ("FAPE") by refusing to provide her with transportation between home and school as called for in her Individualized Education Plan ("IEP").  The Eighth Circuit cases the District relies on in its Motion for Judgment on the Administrative Record are inapposite and involved different legal questions from this case.  The Court should deny the District's Motion for Judgment on the Administrative Record.

## STANDARD OF REVIEW

    In an appeal from an administrative hearing, the Court should afford "due weight" to the decision of the administrative law judge.  *C.B. ex rel. B.B. v. Special Sch. Dist. No.*

*1, Minneapolis, Minn.*, 636 F.3d 981, 988-89 (8th Cir. 2011) (internal quotations omitted).  In an appeal from an administrative decision, "the party challenging the outcome of state administrative hearings has the burden of proof." *E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 569 (8th Cir. 1998) (citations omitted).  District courts reviewing administrative proceedings must base their decisions on "the preponderance of the evidence."  20 U.S.C. § 1415(i)(2)(C)(iii).  The administrative law judge in this matter made findings of fact and conclusions of law determining that the District must provide the related service of specialized transportation to M.N.B. across district boundaries in order for her to receive FAPE.[1]

**I.     THE DISTRICT'S RELIANCE ON EIGHTH CIRCUIT PRECEDENT IS MISPLACED**

The District's justification for denying M.N.B. the related service of special transportation between her home and school is entirely premised on the Eighth Circuit Court's decisions in *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968 (8th Cir. 1999), and *Fick ex rel. Fick v. Sioux Falls Sch. Dist. 49-5*, 337 F.3d 968 (8th Cir. 2003).

---

[1] The District argues, without citation or support, that the Court should apply *de novo* review to questions of law.  (*See* Dist.'s Mem. in Support of Mot. for J. on the Admin. Record, ECF No. 61 at 7.)  The question in this case – whether the District has denied M.N.B. a FAPE – is a mixed question of fact and law.  *See Fort Zumwalt Sch. Dist. v. Clynes*, 119 F.3d 607, 611 (8th Cir. 1997) ("Whether a school district has offered a free appropriate public education is a mixed question of fact and law and the district court's ultimate determination is reviewed de novo.").  Such questions are reviewed *de novo* when appellate courts review district court determinations.  *Id.*; *see also E.S.*, 135 F.3d at 569. But "[w]hen reviewing outcomes reached through the administrative appeals procedures established by 20 U.S.C. §§ 1415(b) and (c), the district court must give "due weight" to the results of those proceedings, resisting any impulse to "substitute [its] own notions of sound educational policy for those of the school authorities." *E.S.*, 135 F.3d at 569 (quoting *Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176, 206 (1982)).

2

This reliance is misplaced because those cases addressed a different legal question than the one presented in this case.

> **A.  Neither *Timothy H.* nor *Fick* are on point, because both cases address transportation outside of neighborhood school zones within a single district, not transportation under a statewide open enrollment policy.**

*Timothy H.* and *Fick* addressed the question of whether a district can deny specialized transportation outside of a student's assigned attendance zone but **in the same district**. In both cases, the Eighth Circuit found that a district could do so without running afoul of its obligations under the IDEA. The present case, however, involves a separate legal question: whether a district can deny specialized transportation at its borders to an open-enrolled student when such transportation is required for FAPE. The distinction between the intra-district issues in *Timothy H.* and *Fick* and the cross-district open enrollment at issue here matters because, under Minnesota's open enrollment statute, the entire responsibility for FAPE belongs to the open-enrolled district.

> 1.  *Timothy H.* Analysis

In *Timothy H.*, the school district had an intra-district transfer program which allowed students to attend schools in other attendance areas besides their zoned neighborhood school. 178 F.3d at 969. The student's neighborhood school was Jefferson High School, but the parents wanted the student to attend Kennedy High School instead. *Id.* at 970. The parents requested that the district provide specialized transportation listed in the student's IEP to Kennedy, but the district refused on the grounds that the district's intra-district transfer program required parents to provide transportation when selecting a school outside the student's attendance area. *Id.* The Eighth Circuit determined that the

3

district's application of its policy did not violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1999), because the student was not denied access to the intra-district attendance option program. *Timothy H.*, 178 F.3d at 972-73.

The intra-district policy in *Timothy H.* presented a different legal question than the issue in this case. The district in *Timothy H.* did not deny the student a FAPE by refusing to provide specialized transportation to Jefferson, because it was offering to provide that transportation to the student's neighborhood school. In fact, the parents in *Timothy H.* did "not dispute that Kratisha's neighborhood school offers a 'free appropriate public education' for her; they simply 'prefer' the special education program available at Kennedy High School." *Id.* at 970 (footnote omitted).

      2. *Fick* Analysis

In *Fick*, the district's policies allowed parents to choose one pick up and one drop off spot within the boundaries of a student's assigned attendance area or "cluster zone." 337 F.3d 969. If the transportation outside of the cluster zone boundary was necessary for a child to benefit from her IEP, the district would provide the transportation. *Id.* The student's parent wanted to have her daughter transported after school to a day care outside of the boundaries of the student's cluster zone. *Id.* The student had an IEP which called for specialized transportation, but there was no allegation that the parent's request was based on the student's IEP needs. *Id.* The district refused, citing its policy of providing transportation only within a student's cluster zone boundary. A state hearing officer agreed with the district, finding that the "transportation request was made for personal reasons unrelated to Sarah's educational needs." *Id.* at 969-70. The Eighth

4

Circuit also agreed, referring to the hearing officer's factual finding and concluding that "a school district may apply a facially neutral transportation policy to a disabled child without violating the law when the request for a deviation from the policy is not based on the child's educational needs, but on the parents' convenience or preference." *Id.* at 970.[2]

### 3. This Action Involves a Statewide Open Enrollment Program that Shifts Responsibility for FAPE.

This case does not involve an intra-district choice policy like in *Timothy H.* and *Fick*, but instead, a statewide policy that allows students to enroll in any district in the state, subject to certain limitations. *See* Minn. Stat. § 124D.03, Subd. 1. Student M.N.B. used this statute to open enroll into the District. (*See* ECF No. 29 at 130 (Statewide Open Enrollment Form).) Accordingly, and by operation of Minnesota Rule 3525.0800, when she open enrolled in the District, the responsibility for FAPE shifted to the District, which is the open-enrolled district. Minnesota Rule 3525.0800, Subp. 8 provides:

> Pupils placed through education choice options. When a pupil is placed outside of the district residence by the parent or pupil for the purpose of education and in accordance with a statutory education choice enrollment act, the resident district shall be responsible for assuming the cost of the education program when notified in accordance with Minnesota Statutes,

---

[2] Similarly, in the Pennsylvania state case cited by the District, there was no allegation that without the requested transportation the student would not have access to a FAPE. *See N. Allegheny Sch. Dist. v. Gregory P.*, 687 A.2d 37, 40 (Pa. Commw. Ct. 1996) ("[T]he additional transportation requested serves not to address any of Gregory's special educational needs, but only to accommodate the particular domestic arrangements which Gregory's parents have made."). There, the request for transportation outside district boundaries was to accommodate the parent's separate living and custody arrangement. *See id.* at 38-39; *cf. Ms. S. ex rel. L.S. v. Scarborough Sch. Comm.*, 366 F. Supp. 2d 98, 99 (D. Me. 2005) (finding district was not required to fulfill parent's request that bus driver ensure an adult was present before dropping off student where no argument that accommodation was required by student's IEP and request was based on personal need because parent could not otherwise ensure an adult would be present every day).

5

> section 127A.47 subdivision 5. **The providing district shall be responsible for assuring that an appropriate program is available for the pupil including the notice and hearing provisions.** Responsibility for transportation costs between the pupil's home and the providing school district shall be determined in accordance with Minnesota Statutes.

Minn. R. 3525.0800, Subp. 8. (emphasis added).

As applied to the present case, the District is the "providing district" or the "choice" district, and it is responsible for ensuring M.N.B.'s access to FAPE.[3] As such, the District must ensure FAPE for M.N.B. by implementing her IEP and her IEP includes transportation as a related service under 34 C.F.R. § 300.34.[4] Providing transportation as a related service is an essential component of FAPE. *See Irving Indep. Sch. Dist. v. Tatro*, 468 U.S. 883, 891 (1984) ("The Act makes specific provision for services, like transportation, for example, that do no more than enable a child to be physically present in class . . . ."); *see also Cedar Rapids Cmty. Sch. Dist. v. Garret F. ex rel. Charlene F.*,

---

[3] Minnesota Rule 3525.0210 clarifies that a district that receives students through the open enrollment process (by way of Minn. R. 3525.0800) is called the "providing" district and it must provide FAPE to students. Minn. R. 3525.0210, Subp. 35 ("'Providing district' means a district with the responsibility of providing special education services to a pupil according to part 3525.0800."). *See also* ECF No. 29 at 190-91 (Minn. Dep't of Ed. Compl. Decision 16-138C) (finding that, as the open enrolled district in that complaint, the District was the providing district under Minn. R. 3525.0210 and therefore required to honor specialized transportation IEP provisions for open enrolled students living outside district boundaries).

[4] *See Letter to Smith*, 23 IDELR 344, July 12, 1995 ("If a public agency determines that a disabled student needs transportation to benefit from special education, it must be provided as a related service at no cost to the student and his or her parents."); Assistance to States for the Education of Children With Disabilities and Preschool Grants for Children With Disabilities, 71 Fed. Reg. 46540-01 (Aug. 14, 2006) ("A child's IEP Team is responsible for determining whether transportation between school and other locations is necessary in order for the child to receive FAPE.").

526 U.S. 66, 79 (1999) (finding that the related service of one-on-one nursing was necessary, as "[i]t is undisputed that the services at issue must be provided if Garret is to remain in school."). Minnesota law does not give open-enrolled districts the option of refusing essential services because FAPE is available in the student's resident district, as was the case with the district's intra-district policy in *Timothy H* or *Fick*. *See* Minn. R. 3525.0800, Subp. 8.

The crux of this case is that the District is denying M.N.B. a FAPE by refusing to provide a service listed in her IEP. This is distinct from *Timothy H.* and *Fick* for several reasons. First, unlike in *Timothy H.* and *Fick*, Student M.N.B. contends that the District's transportation decision is denying her access to FAPE – she must pay for her own transportation and access to education. Second, unlike the student in *Timothy H.*, M.N.B. is not attempting to choose between two schools within the District. The District has provided M.N.B.'s parent with only **one** choice of a school and the parent has not disputed the District's choice of school. The parent simply seeks specialized transportation as indicated in M.N.B.'s IEP to the school that the District assigned her to so that M.N.B. can access FAPE. Third, unlike in *Fick*, the parent is not requesting transportation out of district to a day care—which would not involve the district's obligation to provide FAPE. Instead, M.N.B. is requesting she continue to receive special education services from her currently assigned school at no cost to her. Here, FAPE is the basis of the dispute, whereas in *Timothy H.* and *Fick*, access to FAPE was not disputed.

Fourth, unlike both *Timothy H.* and *Fick*, FAPE is not otherwise available to M.N.B. in the District—which is fully responsible for providing her FAPE. In an awkward attempt to invoke *Fick* and *Timothy H*, the District asserts that FAPE is available to M.N.B. elsewhere, in *another* district. Without any support, the District hypothesizes that it is not required to offer M.N.B. FAPE because FAPE is available to M.N.B. at her resident district, Big Lake Public School District.[5] But this misapprehends *Fick* and *Timothy H.* because in those cases FAPE was already available **within** the districts at issue in those cases. Further, by operation of Minnesota's open enrollment statute, once M.N.B. enrolled in the District, Big Lake had no obligation to provide FAPE to M.N.B. *See* Minn. R. 3525.0800, Subp. 8. Big Lake's FAPE responsibilities to M.N.B. were extinguished the moment the District accepted M.N.B.'s application for open enrollment under the statute.

Unlike *Timothy H.* and *Fick*, this case involves a statewide open enrollment program, which shifts the responsibility for FAPE entirely to the open-enrolled district. This means that the District cannot escape its FAPE obligations by pointing back to M.N.B.'s resident district and the District is not offering any other means, within M.N.B.'s enrollment in the District, to afford her FAPE.[6] *Timothy H.* and *Fick* indicate

---

[5] The District does not cite to any Big Lake IEP or any Big Lake documentation that shows that FAPE was available to or even offered to M.N.B. at Big Lake Schools. The District cites only to a general obligation in the Individuals with Disabilities Education Act ("IDEA") that all school districts must have FAPE available. (*See* ECF No. 61 at 9, 13.)

[6] Stated somewhat differently, *Fick* and *Timothy H* both involved *concurrent* choices within the same district. The district in *Timothy H.* could concurrently provide FAPE at

8

that districts can have intra-district transportation policies that set limits on the geography of specialized transportation services **within** the district but that do not impact a student's access to FAPE.  The District asks the Court to stretch that rule to allow districts to impose policies that set limits on the geography of specialized services, **even if** it has the effect of denying students FAPE.  The IDEA and Minnesota law do not stretch that far— they require that districts provide out of district transportation as a related service when it is required for FAPE.  See 34 C.F.R. § 300.34; *Tatro*, 468 U.S. at 891; *Garret F.*, 526 U.S. at 79.  The administrative law judge below distinguished *Timothy H*. and *Fick* on a similar basis and should be upheld.

## II.   OUT OF DISTRICT SPECIALIZED TRANSPORTATION IS REQUIRED WHEN IT IS NECESSARY FOR FAPE

None of the cases cited by the District undermine the fundamental legal rule that governs this case:  a district is required to provide the IEP related service of specialized transportation, even if it involves out of district transportation, when a student requires that related service in order to receive FAPE.  This is a straightforward application of the IDEA and nothing in the IDEA suggests that school district's obligations end at district boundaries.

---

Jefferson or Kennedy high schools.  The district in *Fick* could concurrently provide FAPE by transporting the student home or to a day care.  Because FAPE was already available, the districts in those cases were not obligated to offer *another* FAPE option.  Here, there is no concurrent choice requested by M.N.B.  She was given one option of school and she is not asking the District for a different option.  Because M.N.B. is open enrolled in the District, Big Lake has no current obligation to M.N.B.  There is thus no "concurrent" choice that M.N.B. has made or requested within the District.

9

The Eighth Circuit cases cited by the District do not suggest as much either because they address transportation within the same district and are not on point. The only federal court of appeals to address this question is the Fifth Circuit in *Alamo Heights Independent School District v. State Board of Education*, 790 F.2d 1153 (5th Cir. 1986), which found that "the 'transportation' required as a 'related service' under the Act is not arbitrarily limited by the geographic boundaries of the school district so long as it is required for the special circumstances of the handicapped child and is reasonable when all of the facts are considered." *Id.* at 1160.

In fact, the district policy the Eighth Circuit upheld in *Fick* reflects this rule—it ensured that students received specialized transportation, even outside cluster zone boundaries, when that specialized transportation was required for FAPE. *See Fick*, 337 F.3d at 969 ("The District will, however, transport a disabled child outside her designated cluster site when the transportation is necessary for the child to benefit from her IEP."). It was this policy—which allows exceptions when required for FAPE—that the Eighth Circuit determined could be neutrally applied to deny specialized transportation when the request is based on parental preference, not educational need. *Id.* at 970.

Similarly, the Pennsylvania state court in *North Allegheny School District v. Gregory P.*, 687 A.2d 37 (Pa. Commw. Ct. 1996) agreed with the Fifth Circuit's decision in *Alamo Heights*, in approving of specialized transportation across district boundaries when required for FAPE as a related service. Specifically, the *North Allegheny* court stated:

> We agree with the Fifth Circuit that district boundaries are not determinative of the district's obligation to meet a particular request for transportation as a related service. Clearly, where necessary to some integral part of the student's special educational needs, a district must provide related services even where this imposes a substantial burden on the district.

*N. Allegheny Sch. Dist.*, 687 A.2d at 40.

The administrative law judge correctly made a similar determination. (*See* ECF No. 28 at 53 (Order) (finding that the District is responsible for FAPE for Student M.N.B. and therefore implementation of M.N.B.'s stay-put IEP, which called for reimbursement for inter-district transportation).) District boundaries are not determinative of the District's obligation to provide M.N.B. with specialized transportation to and from her assigned school because her IEP team has determined that it is required for her to access FAPE. (*See id.*) The Court should affirm the administrative law judge's well-reasoned determination that the District's refusal to provide M.N.B. with transportation between home and school denies her a FAPE under the IDEA.

### III.  PARENTAL PREFERENCE IS NOT AT ISSUE IN THIS CASE

The District asserts that M.N.B. is open enrolled in the District because of parental preference or a non-educational reason, but has not pointed to any evidence to support this claim. The District repeatedly asserts that M.N.B.'s choice of districts was due to "parental preference." Yet, the District has not cited to any part of the record to support its assertion that there was a non-educational reason for this choice. The District cannot point to support upon which the Court could conclude, by a preponderance of the evidence, that M.N.B.'s enrollment in the District is for parental preference. *See* 20

U.S.C. § 1415(i)(2)(C)(iii) (directing district courts reviewing administrative proceedings to base decisions on "the preponderance of the evidence.").

In fact, the record supports a conclusion that M.N.B. is enrolled in the District and seeking specialized transportation between home and school for educational reasons – she wants special education services from the District. (ECF No. 30, Sealed Record at 283 (Parent Stmt. Incl. with Dep't of Ed. Compl.).) The District cannot otherwise show that the instant case involves a "non-educational reason" for requesting the related service of specialized transportation as was present in the cases it relies upon. For example, M.N.B. is not seeking transportation to a day care like the student in *Fick*, 337 F.3d 968, a different high school within the district like the student in *Timothy H.*, 178 F.3d 968, having an adult at home after the end of the school day as in *Ms. S. ex rel. L.S.*, 366 F. Supp. 2d 98, or transportation to a different parent's home outside of the district as in *N. Allegheny*, 687 A.2d 37. The District has not disputed that M.N.B.'s IEP states that she requires specialized transportation as part of her disability needs. Here, as M.N.B. has repeatedly asserted, FAPE is currently unavailable to M.N.B. because the District is denying the related service of specialized transportation between her assigned school and home, which it does not dispute that she needs.

The administrative law judge's factual findings and legal conclusions are consistent with a straightforward application of IDEA and Supreme Court precedent. Accordingly, the determination is entitled to deference and should be upheld.

## CONCLUSION

The District is responsible for providing FAPE for open-enrolled students. If a student's disability related needs require specialized transportation, such transportation at no cost to the parent is required for the student to receive FAPE. The District here does not dispute that M.N.B.'s IEP calls for specialized transportation between home and school, yet it refuses to provide that transportation simply because she lives outside district boundaries. Nothing in the IDEA or Minnesota law indicates that the District's FAPE obligations end at its boundaries and the cases cited by the District are factually and legally distinct. The Court should affirm the administrative law judge's well-reasoned determination that the District is required to provide for transportation between home and school for M.N.B. as called for in her IEP. M.N.B. requests that the Court deny the District's Motion and order the District to provide her with specialized transportation between her home and school.

Respectfully submitted,

Date: June 25, 2018

/s/Daniel Stewart
Daniel Stewart (#0278919)
Maren Hulden (#0396043)
Mid-Minnesota Legal Aid
Minnesota Disability Law Center
430 1st Ave N, Suite 300
Minneapolis, MN 55401
Tel: 612.746.3769
Email: djstewart@mylegalaid.org
         mhulden@mylegalaid.org

ATTORNEYS FOR DEFENDANTS