UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In the Matter of Osseo Area Schools, Independent School District No. 279,<br><br>    Plaintiffs,<br><br><br>M.N.B., by and through her Parent, J.B.,<br><br>    Defendants. | Case No. 0:17-cv-2068-DSD-HB<br><br><br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

_____

## INTRODUCTION

Defendant M.N.B. ("M.N.B.") submits this Memorandum of Law in support of her Motion under Rule 54 of the Federal Rules of Civil Procedure for attorneys' fees, costs and disbursements. The Individuals with Disabilities Education Act ("IDEA") permits parents to recover attorneys' fees if they are the prevailing party. M.N.B. is entitled to attorneys' fees because this Court found in her favor on cross-motions for judgment on the administrative record (ECF No. 69).

## JURISDICTION

The IDEA permits parents to recover attorneys' fees if they are prevailing parties. IDEA, at 20 U.S.C. § 1415(i)(3)(2004) and 34 C.F.R. § 300.517 (2006), allows the court to award reasonable attorneys' fees to prevailing parties. The Court's jurisdiction to award attorneys' fees in IDEA actions is also recognized under relevant caselaw. *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1030 (8th Cir. 2003); *John T. ex rel Robert T. v. Iowa Dep't of Educ.*, 258 F. 3d 860, 866 (8th Cir. 2001); *Yankton Sch. Dist. v. Schramm*,

93 F.3d 1369, 1377 (8th Cir. 1996); *Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1003 (8th Cir. 1991).

Rule 54 of the Federal Rules of Civil Procedure allows a prevailing party to request an award of attorneys' fees by motion to the court. M.N.B. is the prevailing party and for the reasons cited herein should be awarded her requested attorneys' fees.

## FACTUAL AND PROCEDURAL STATEMENT

M.N.B. is currently a twelve-year-old student who has an Individual Education Plan ("IEP") that includes the related service of specialized transportation. (ECF No. 28, Sealed Record at 40 (ALJ Order on Summary Disposition).) In the 2016-17 school year, she was in 5th grade. (ECF No. 29, Sealed Record at 217, (M.N.B's 5th Grade IEP).) She is currently enrolled in the District and attends school at North Education Center, which is operated by Intermediate School District #287. (*Id.*) M.N.B. resides in Big Lake, MN, which is outside the geographic boundaries of the District. (ECF No. 29, Sealed Record at 127 (Enrollment Form).) M.N.B.'s IEP from her prior district was developed during the 2015-2016 school year and included a related service of specialized transportation. (ECF No. 28, Sealed Record at 154, (Adaptations Section of M.N.B.'s Stay Put IEP).) Specifically, this IEP states that M.N.B. "will be transported individually to and from school. [M.N.B.] struggles with other students who are in close proximity to her that display vocalizations, which can be really frustrating to her." (*Id.*) In the 2015-2016 school year, M.N.B.'s parent transported her between her home in Big Lake and the Northeast Intermediate District #916 school and the Big Lake district reimbursed the

parent for mileage expenses. (ECF No. 28, Sealed Record at 23 (ALJ Order on Summary Disposition).)

In May 2015, the District made a policy decision to stop providing transportation between home and school for students with IEPs who live outside the District and are open enrolled into the District. (ECF No. 29, Sealed Record at 161 (Aff. of Troy Schreifels).) This policy change meant that, for students whose IEPs included special transportation needs, the District would provide the specialized transportation only within its boundaries. (*Id.*) Other non-resident, open-enrolled District students[1] who lived outside of the District's boundaries and had specialized transportation in their IEPs filed a complaint with the Minnesota Department of Education. The Department investigated a systemic complaint against the District on behalf of over 60 students who were open enrolled into the District and had specialized transportation on their IEPs but who were told, as a result of the District's policy change, that they would no longer receive transportation as listed in their IEPs. (ECF No. 29, Sealed Record at 175-195 (MDE Complaint Decision).) On October 12, 2016, the Department issued a decision finding that the District's new transportation policy violated the IDEA because it failed to permit individualized determinations about whether transportation between home and school would be necessary to provide an individual student with a free appropriate public education. (ECF No. 29, Sealed Record at 175-195 (MDE Complaint Decision).)

The District appealed the Department's decision to the Minnesota Court of Appeals, but the appeal was dismissed because the District failed to serve the parents of

---

[1] M.N.B. was not part of this group of students.

the students involved in the complaint. (ECF No. 30, Sealed Record at 167-170 (Minnesota Court of Appeals Order).) Because the District failed to properly appeal the Complaint Decision, that Decision remains final.

Meanwhile, at the beginning of the 2016-2017 school year, M.N.B. enrolled in the District through Minnesota's open enrollment program. (ECF No. 30, Sealed Record at 291-292 (Statewide Enrollment Option Form).) The District and M.N.B.'s parent agreed through the IEP team process that M.N.B. would attend a Level IV, or segregated school, setting. (ECF No. 30 Sealed Record at 336 (2016 IEP).) The District indicated that M.N.B.'s IEP team agreed to "implement the last agreed upon or 'stay put IEP.'" (ECF No. 24, Second Am. Compl. at 12.) The District assigned M.N.B. to North Education Center. (ECF No. 30, Sealed Record at 336 (2016 IEP).) Once she was placed at North Education Center, M.N.B.'s parent asked to be reimbursed for transportation expenses between M.N.B.'s home and the school she would attend, but the District refused, relying on its policy that it provides for transportation only within its boundaries. (ECF No. 30, Sealed Record at 271 (District's M.B. Log).) The District offered to reimburse the parent for mileage only between the District's boundary and M.N.B.'s school, North Education Center. (ECF No. 29, Sealed Record at 206-208 (Daley Email and proposed contract to Bridgeman).) The District filed a request for a due process hearing pursuant to 20 U.S.C. § 1415, requesting that the administrative law judge order that M.N.B.'s "IEP state that the provision of transportation as a related service is required only between Osseo's boundary and M.B.'s school . . . ." (ECF No. 30, Sealed Record at 206 (District's Am. Due Process Hearing Compl.).) M.N.B. also filed a due process hearing request, seeking

4

an order to force the District to be responsible for transportation and to obtain transportation reimbursement for travel expenses from the District. (ECF No. 30, Sealed Record at 131 (Student's Due Process Compl.).) Both parties filed motions for summary disposition, conceding that there were no facts in dispute and instead seeking a legal determination about whether the District's policy of refusing specialized transportation outside its boundaries violated M.N.B.'s rights under the IDEA. (ECF No. 28, Sealed Record at 39 (ALJ Order on Summary Disposition).)

In an order dated March 17, 2017, the administrative law judge granted M.N.B.'s motion for summary disposition and denied the District's motion for summary disposition. (*Id.*) The administrative law judge found that M.N.B.'s "stay-put" IEP includes "transportation between home and school" and that the District is therefore responsible for providing for transportation between home and school as part of its free appropriate public education obligations under the IDEA. (ECF No. 28, Sealed Record at 53 (ALJ Order on Summary Disposition).)

Following the administrative law judge's order, the parties submitted letters on the amount of reimbursement to be provided to the parent, and the administrative law judge ordered the District to reimburse the parent for two round trips each day of school for the mileage between M.N.B.'s home and her school. (ECF No. 28, Sealed Record at 22 (Order on Mot. for Reimbursement).) The District requested the administrative law judge to reconsider her decision on only the reimbursement issue but the judge agreed with M.N.B. that the she lacked jurisdiction to hear a request for reconsideration. (*Id.* at 7.)

The District then appealed the administrative law judge's decision to federal district court (ECF No. 1) and M.N.B. requested attorneys' fees as the prevailing party in the due process hearing (ECF No. 1, Case No. 17-cv-2765). By order of the Court on July 20, 2017, the cases were consolidated under the above caption.

After the initial filings and a meet and confer conference, the parties agreed to a stipulation regarding the District's intent to amend its complaint. (ECF No. 9.) The District then amended its complaint on August 15, 2018 (ECF No. 12) and filed a corrected amended complaint (ECF No. 13). M.N.B. filed a motion to dismiss for lack of jurisdiction on August 29, 2017 (ECF No. 14). After this motion to dismiss was filed, the District again amended its complaint on September 28, 2017 (ECF No. 24). M.N.B. then withdrew her motion to dismiss on October 5, 2017 (ECF No. 25) and subsequently filed her Answer to the Second Amended Complaint on October 12, 2017 (ECF No. 27). During the Rule 16 proceeding with Magistrate Judge Bowbeer, M.N.B. indicated to the Court and District that she was seeking limited discovery from the District. There were issues related to the District providing a timely response to M.N.B.'s discovery requests and M.N.B. drafted, but did not ultimately file, a motion to compel. Instead, after receiving, what M.N.B. considered as untimely, discovery responses from the District and trying to address the asserted non-compliance with the District, M.N.B. made a motion to the Court on December 18, 2017 to amend the Scheduling Order to allow M.N.B. to file any necessary objections or motions related to discovery issues. (ECF No. 33.) The parties agreed to a joint stipulation to amend the Scheduling Order on December 21, 2017. (ECF No. 39.)

On January 30, 2018, M.N.B. made a motion to the Court to supplement the Administrative Record. (ECF No. 44.) The District opposed the motion, the parties briefed the matter, and the Court heard oral arguments. The Court found in favor of M.N.B. in part, on March 22, 2018. (ECF No. 54.) Critically for M.N.B., the Court determined that M.N.B. had "solid justification" for supplementing the record with evidence on the District's provision of transportation outside of its boundaries for other students, the District's compliance with a state education department administrative complaint decision, district policies, and district transportation application forms. (*Id.* at p. 4-5.)

Following the ruling on the motion to supplement, the parties both moved the Court for judgment on the Administrative Record and submitted initial and responsive pleadings. (ECF Nos. 55-67.) The District chose not to submit a reply, but M.N.B. did. M.N.B.'s counsel then presented oral argument on July 16, 2018. The Court affirmed the administrative law judge's decision, on September 28, 2018, in all respects. (ECF No. 69.) The administrative law judge's decision ordered the District to be responsible for M.N.B.'s transportation and to provide full transportation reimbursement for the parent's travel expenses. (ECF No. 28, Sealed Record at 40 (ALJ Order on Summary Disposition).) M.N.B. had requested these results from the administrative law judge, and this Court, and therefore is the prevailing party and is entitled to recover reasonable attorneys' fees and costs.

## **LEGAL STANDARD**

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). "We review de novo the determination of prevailing party status." *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002). "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)) (alterations omitted).

## ARGUMENT

### I. PREVAILING PARTIES

#### A. Prevailing Parties May Recover Fees

The IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I) (2004), provides for attorneys' fees to a prevailing parent in special education actions or proceedings. A party has prevailed "if it succeeded on any significant issue which achieved some of the benefit it sought." *Yankton School District v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996).

#### B. Standards for Determining Prevailing Party Status

In *Texas Teachers Ass'n v. Garland Independent School District.*, 489 U.S. 782; 109 S. Ct. 1486, 103 L. Ed.2d 866 (1989), the United States Supreme Court held that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id*. at 792-93; 109 S. Ct., at 1493. The Eighth Circuit Court of Appeals adopted this reasoning in *Johnson v. Bismarck Public School District*,

949 F.2d 1000 (8th Cir. 1991). The *Johnson* court's decision noted that "[t]he initial question is . . . whether [the plaintiff] was a prevailing party, that is, did [the plaintiff] succeed on any significant issue . . . which achieve(d) some benefit [the plaintiff] sought in filing [the plaintiffs'] due process complaint?" *Id.*, 949 F.2d at 1003 (citing *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 791-92; 109 S. Ct. 1486, 1493-94, 103 L. Ed. 2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 78-79 (1st Cir. 1978))).

    **C.**    **M.N.B. is the Prevailing Party**

M.N.B. is the prevailing party here as a result of the Court's affirmance of the administrative law judge decision. (ECF No. 69). In her decision, the administrative law judge granted M.N.B.'s motion for summary disposition and denied the District's motion. (ECF No. 28, Sealed Record at 40 (ALJ Order on Summary Disposition).) In so doing, the administrative law judge ordered the District to be responsible for transportation and to provide full transportation reimbursement to the parent. Specifically, the decision stated:

> The Student's current IEP is a stay-put IEP developed in October 2015 by her then IEP team at Karner Blue Education Center. That IEP includes the necessary related service of transportation between home and school. While the Student remains open enrolled in the District, the District is responsible for the Student's FAPE and therefore for implementation of the stay-put IEP. The stay-put IEP requires the Student to be transported by the Parents and that they receive reimbursement for mileage from the District.
>
> In accordance with the FAPE requirement of the IDEA as interpreted by the OSERS: the Student's Motion seeking reimbursement for Parent's transportation expenses incurred since October 17, 2016 is granted. The District's Motion for an order stating that the District did not violate the

IDEA and that Student will be transported only from the District's boundary to Student's school is denied.

(*Id.*)

Because this Court affirmed the administrative law judge's decision, M.N.B. is the prevailing party.

### D. M.N.B. Achieved the Benefit Sought

M.N.B. sought and obtained all of the relief requested in the due process hearing and from this Court. M.N.B. sought an order holding the District to be responsible for transportation and for the parent to be reimbursed for transportation expenses. This Court's decision to affirm the administrative law judge's decision ordering transportation and reimbursement reflects M.N.B.'s complete success on the merits.

### E. The Legal Relationship Between M.N.B. & the District was Materially Altered.

As a result of the administrative law judge's decision, the legal relationship of the parties was materially and substantially changed in favor of M.N.B. Prior to the decision, the District refused cross-district transportation and refused to provide full transportation reimbursement to the parents. Because this Court has affirmed the administrative law judge's order to provide cross-district transportation and reimbursement as a legal matter, the legal relationship was changed in favor of M.N.B.

### F. M.N.B. Should be Awarded Summary Judgment on Prevailing Party Status

Because M.N.B. prevailed at the administrative decision and on appeal to federal court, the only issue in this case is a determination of the amount of fees to be awarded to

the prevailing party. M.N.B. completely prevailed because the legal relationship between M.N.B. and the District was materially altered in her favor.

## II.   ATTORNEYS' FEES REQUESTED

### A.   The Rates & Amount are Reasonable

The starting point for determining M.N.B.'s reasonable attorneys' fees is the lodestar method, which considers the work done by her attorneys, the amount of time reasonably spent to complete the work, multiplied by the hourly rate requested. *Indep. Sch. Dist. No. 283 v. S.D, by and through her parents, J.D. and N.D.*, 948 F. Supp. 892, 897 n. 5 (D. Minn. 1996) *aff'd on other grounds*, 88 F.3d 556 (8th Cir. 1996). IDEA, at 34 C.F.R. § 300.517 (c) (1) (2006), allows the court to award attorneys' fees that are "based on the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."

A starting point for determining the reasonable hourly rate is looking at similar work, in the area in which the underlying case arose, and the court's own knowledge of prevailing rates. Attorneys working for a legal services program are entitled to recover attorneys' fees at the same rates as private attorneys, and not at cost of providing those services. *Blum v. Stenson*, 465 U.S. 886, 894, 104 S.Ct. 1541, 1547, 79 L.Ed.2d. 891 (1984).

M.N.B. requests $30,250 in attorneys' fees for prevailing at the due process hearing, and $129,325 in attorneys' fees for prevailing at this Court, for a total of $159,575. This request is supported by the attached Declaration of Daniel J. Stewart (99.5 hours for the work at the due process hearing level and 259.5 hours multiplied by a

11

rate of $350 per hour for a total of $121,075) and Declaration of Maren R. Hulden (154 hours multiplied by a rate of $250 per hour for a total of $38,500). The hourly rates requested by M.N.B.'s attorneys are supported by affidavits from practitioners in the Twin Cities metropolitan area who specialize in special education litigation. The Affidavits of Andrea Jepsen and Jason Schellack support the reasonableness of rates of $240.00-$350.00, depending on the experience of the attorney, and supports the rates as the prevailing reasonable rates within the community for attorneys with comparable experience who specialize in special education law. (*See generally* Jepsen Aff., Schellack Aff.)

M.N.B.'s lead counsel, Mr. Stewart, has practiced in the field of special education law since 1998, similar to the experience of Amy Goetz as indicated in the Jepsen Affidavit. M.N.B.'s additional counsel, Ms. Hulden, has practiced in the field of special education since 2014, similar to the experience, and thus the hourly rates, for Ms. Jepsen and Mr. Schellack.

### B. There is No Justification for a Reduction in the Award

Collectively, Mr. Stewart and Ms. Hulden are claiming 513 hours for their work on representing M.N.B in the due process hearing and on the federal court appeal. This work included time spent during the due process hearing, preparing the necessary pleadings to effectively advocate for their client, including a motion to dismiss to object to the scope of the District's initial Complaint, an Answer to the District's Second Amended Complaint, a drafted but not filed motion to compel to address discovery disputes, a motion to amend the Scheduling Order, with responsive pleadings, to address

the District's untimely discovery submissions, a motion to supplement the Administrative Record, with responsive pleadings, to include relevant but missing information into the record, and a motion for judgment on the Administrative Record, with responsive pleadings. M.N.B. ultimately prevailed on the motion for judgment on the Administrative Record in this Court's decision. Further, this Court's decision referred to information that was included, over the District's objection, pursuant to M.N.B.'s motion to supplement the Administrative Record. The time spent by Mr. Stewart and Ms. Hulden also included client communication, communication with the opposing party, strategic planning through internal meetings, research, completing the necessary pleadings and responsive pleadings, preparation for oral arguments for the motion to supplement the Administrative Record and the motion for judgment on the same, as well as the necessary research, writing, and review to support their advocacy. M.N.B. additionally requests $400.00 for reimbursement of the federal court filing fee for her related case, No. 17-cv-2765.

M.N.B. has included the itemized details of her attorneys' work in the Declarations of Maren R. Hulden and Daniel J. Stewart filed in support. The itemized details include "Claim Codes" to categorize the types of work. The Claim Codes refer to specific tasks as described in the chart below. Further, the chart includes the amount of time spent on each task. M.N.B.'s attorneys spent the following amounts of time on tasks as summarized below:

| TASK<br>(*Spreadsheet Code in parentheses*) | TIME SPENT |
|---|---|
| General Case Research and Analysis *(GEN) – Including researching legal basis for alternative case theories, strategic litigation planning, preparing Rule 26 information, drafting confidential settlement proposals, administrative work, and, analyzing merits of case according to particular facts.* | 26.1<br><br>(Maren Hulden, 6.6 hours and<br><br>Dan Stewart, 19.5 hours) |
| Communication with Clients *(CC)* | 16<br><br>(Maren Hulden, 1.1 hours and<br><br>Dan Stewart, 14.9 hours) |
| Communication with Opposing Counsel *(COC)* | 7.6<br><br>(Maren Hulden, .1 hours and<br><br>Dan Stewart, 9.6 hours) |
| Motion to Dismiss *(MTD) – Including reading District's complaint, reviewing file to determine accuracy of District's complaint statements, identifying complaint issues beyond appropriate scope of appeal, researching legal basis for challenging complaints, reading caselaw, applying caselaw to current proceeding, considering MTD in context of overall case strategy, communicating concerns to client and opposing counsel; and preparing and revising MTD* | 40.9<br><br>(Maren Hulden, 29.1 hours and<br><br>Dan Stewart, 11.8 hours) |
| Motion to Dismiss *(MTD2) – Including reading District's amended complaint and corrected complaint, reviewing file to determine accuracy of District's complaint statements, identifying remaining complaint issues beyond appropriate scope of appeal, researching legal basis for* | 10<br><br>(Maren Hulden, 6.8 hours and<br><br>Dan Stewart, 3.2 hours) |

| TASK<br>(*Spreadsheet Code in parentheses*) | TIME SPENT |
|---|---|
| *challenging complaints, reading caselaw, applying caselaw to current proceeding, considering second MTD in context of overall case strategy, communicating concerns to client and opposing counsel; preparing and revising second MTD; and negotiating stipulation with District to have it file a second amended complaint* | |
| Answer (ANS)- – *Including reading District's amended complaint and corrected complaint,, and second amended complaint in context of Answer, review file to prepare pleading, communication with client to verify District statements, research pleading standards, consider Answer response in context of legal strategy, identify missing facts necessary for legal strategy, and draft, review and revise Answer.* | 42.1<br><br>(Maren Hulden, 10.4 hours and<br><br>Dan Stewart, 31.7 hours) |
| Discovery (DIS) - *Including critical facts missing from record; researching which facts may be available through discovery, researching IDEA provisions and case law provisions on supplementing the record, drafting and revising Interrogatories, Requests for Admissions and Requests for Production; addressing District's delayed and untimely discovery responses with draft motion to compel discovery, stipulation to avoid motion to compel and creating motion to amended the scheduling order to allow parties additional time with discovery and avoid court involvement.* | 28<br><br>(Maren Hulden, 14.6 hours and<br><br>Dan Stewart, 13.4 hours) |
| Motion to Supplement the Administrative Record (SR) – *Including drafting, reviewing and revising motion to supplement the record; review of caselaw;* | 20<br><br>(Maren Hulden, 16.2 hours and |

15

| TASK<br>(*Spreadsheet Code in parentheses*) | TIME SPENT |
|---|---|
| *considering of motion in context of overall litigation strategy* | Dan Stewart, 3.8 hours) |
| Motion for Judgment on the Administrative Record *(JOAR) – Including file review and organization for JOAR, strategy discussions on JOAR emphasis; planning JOAR argument order for motion, response and reply; predicting District's approach to JOAR and response and reply; researching case law and standards for motion, identifying correct legal standard between motion for summary judgment and JOAR, reviewing District's complaints, due process statements, and cases; identifying any new cases subsequent to due process hearing; drafting and revising motion for JOAR; inserting District discovery submissions in JOAR; communication with client; reviewing District's JOAR and researching its cases and argument; formulating, drafting, reviewing and revising Response; reviewing District's response and researching its cases and argument; preparing, reviewing and revising Reply; reviewing entire file in preparation for oral argument; preparing moot; practicing oral, conducting moot, conference to review and debrief oral; revising oral argument in context of feedback; practice oral argument; present oral argument to court; debrief with colleagues and client* | 147<br><br>(Maren Hulden, 41.9 hours and<br><br>Dan Stewart, 105.1 hours) |
| Attorneys' Fees Petition *(AF)* | 22.5<br><br>For Federal Court Appeal:<br><br>Dan Stewart, 22.5 hours) |

| TASK<br>(*Spreadsheet Code in parentheses*) | TIME SPENT |
|---|---|
| **TOTAL TIME** | 413.5 |

M.N.B. has already reduced her requested attorneys' fees by over 110 hours to eliminate duplication, non-recoverable activities (duplication of staff during internal meetings and during calls with client and opposing counsel, discussing unrelated IEP issues with the parent) as well as M.N.B.'s counsel's discretionary decision to reduce the request for other reasons (such as less substantive administrative tasks completed by paralegal/secretarial support and pro bono paralegal). (Stewart Decl. ¶ 9.) M.N.B. also reduced the fees by excluding more than 20 hours of time spent in preparing a motion to compel discovery that was not filed but was necessary to protect M.N.B.'s interests in case the District had not eventually responded to discovery requests. (*Id.*)

As shown in the chart above, M.N.B. also made internal decisions to have her less experienced attorney, Maren Hulden, focus more on non-dispositive motions (including the motion to supplement the Administrative Record and motion to amend the Scheduling Order), and on the motions to dismiss and stipulations, and well as on discovery issues. M.N.B.'s more experienced attorney, Dan Stewart, focused more on communication with the client and opposing counsel, as well as on the Answer and on the dispositive motion for judgment on the record pleadings. Mr. Stewart also provided overall supervision of the litigation, and of Ms. Hulden's work.

With respect to claiming attorneys' fees, M.N.B. first requests $30,250 for prevailing in the administrative due process hearing. Of that amount, M.N.B. is claiming

17

$4,800.00 for the preparation of the attorneys' fees action for being the prevailing parties in the administrative due process hearing.  This amount is based on attorneys' fees at a rate of $350.00 per hour for 16 hours spent by Mr. Stewart.  M.N.B. may properly obtain attorneys' fees for preparing the fee motion.  *See Indep. Sch. Dist. No. 283 v. S.D, by and through her parents, J.D. and N.D.*, 948 F. Supp. 892, 897 (D. Minn., 1996) *aff'd on other grounds*, 88 F. 3d. 556 (8th Cir. 1996) (court approved recovery of attorneys' fees for the preparation spent in with regard to the attorneys' fees action).  Second, M.N.B. requests $7,875 in attorneys' fees for preparing the present Rule 54 Motion.  This amount is based on attorneys' fees at a rate of $350.00 per hour for 22.5 hours spent by Mr. Stewart.

## CONCLUSION

Based on the foregoing, M.N.B. respectfully requests that the Court grant her request for attorneys' fees and related costs in the amount of $159,575, along with costs of $400.00 in filing fees, and pre- and post-judgment interest permitted by law.

Respectfully submitted,

Date: October 9, 2018

/s/Daniel Stewart
Daniel Stewart (#0278919)
Mid-Minnesota Legal Aid
Minnesota Disability Law Center
430 1st Ave N, Suite 300
Minneapolis, MN 55401
Tel: 612.746.3769
Email: djstewart@mylegalaid.org

ATTORNEYS FOR DEFENDANTS